UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **CHRISTINE PHELAN**, | : | **Chapter 13** |
| Debtor(s), | : | Case No. **5:22-bk-00754-MJC** |
| | | |
| **PERCUDANI FAMILY, L.P, PERCUDANI FAMILY III, L.P.,** and **NEW HORIZONS AT MOUNTAINS EDGE, INC.,** | : | Adversary |
| Plaintiff(s), | : | Proceeding No. **5:22-ap-00030-MJC** |
| v. | : | |
| **CHRISTINE PHELAN**, | : | |
| Defendant(s). | : | |

## MOTION TO DISMISS COMPLAINT

AND NOW COMES Debtor **CHRISTINE PHELAN**, by and through their attorneys, J. ZAC CHRISTMAN, ESQUIRE, with **Motion to Dismiss Complaint**, and in support thereof avers:

1. The Complaint consists of six (6) counts:

    a. Count One is pursuant to 11 U.S.C. § 523(a)(4): "a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

    b. Count Two is pursuant to 11 U.S.C. § 523(a)(2): "a debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."[1] 11 U.S.C. § 523(a)(2)(A).

    c. Count Three is for "Conversion."

    d. Count Four is for "Unjust Enrichment."

    e. Count Five is for "Tortious Interference with Business Relations."

    f. Count Six is for "Breach of Contract/Quasi-Contract."

---

[1] No basis for a finding of non-dischargeability other than 523(a)(2)(A) was plead so the remainder of the statutory language is not set forth.

2. Counts Three through Six fail to state a claim upon which relief can be granted.

3. While Conversion may be a state court claim, in and of itself, Conversion is not a basis for dischargeability, and is merely superfluous to Count One or Count Two and excessive.

4. Significantly, Conversion does not require false pretenses, a false representation, actual fraud, defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

5. Even if this Court made a finding and holding that Debtor committed an act of Conversion against Plaintiffs, it would not provide a basis for relief of non-dischargeability. Count Three is therefore a claim upon which relief cannot be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), which is incorporated into the Federal Rules of Bankruptcy Procedure via Federal Rules of Bankruptcy Procedure 7012.

6. While Unjust Enrichment may be a state court claim, in and of itself, Conversion is not a basis for dischargeability, and is merely superfluous to Count One or Count Two and excessive.

7. Significantly, Unjust Enrichment does not require false pretenses, a false representation, actual fraud, defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

8. Even if this Court made a finding and holding that Debtor committed an act of that resulted in Unjust Enrichment that damaged Plaintiffs, it would not provide a basis for relief of non-dischargeability. Count Four is therefore a claim upon which relief cannot be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), which is incorporated into the Federal Rules of Bankruptcy Procedure via Federal Rules of Bankruptcy Procedure 7012.

9. While Tortious Interference with Business Relations may be a state court claim, Tortious Interference with Business Relations is not a basis for dischargeability.

10. Significantly, Tortious Interference with Business Relations does not require false pretenses, a false representation, actual fraud, defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11. Even if this Court made a finding and holding that Debtor committed an act of Tortious Interference with Business Relations against Plaintiffs, it would not provide a basis for relief of non-dischargeability. Count Five is therefore a claim upon which relief cannot be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), which is incorporated into the Federal Rules of Bankruptcy Procedure via Federal Rules of Bankruptcy Procedure 7012.

12. While Breach of Contract/Quasi-Contract may be a state court claim, Breach of Contract/Quasi-Contract is not a basis for dischargeability.

13. Significantly, Breach of Contract/Quasi-Contract does not require false pretenses, a false representation, actual fraud, defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

14. Even if this Court made a finding and holding that Debtor breached a contract or quasi-contract with Plaintiffs, it would not provide a basis for relief of non-dischargeability. Count Six is therefore a claim upon which relief cannot be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), which is incorporated into the Federal Rules of Bankruptcy Procedure via Federal Rules of Bankruptcy Procedure 7012.

15. Disposition of the Complaint and/or Counts Three through Six of the Complaint is in the interests of judicial efficiency and reduces the costs of Debtor in defending the Complaint or any Amended Complaint.

WHEREFORE, Debtor **CHRISTINE PHELAN** prays this Honorable Court for an Order that Grants this Motion to Dismiss Complaint, and Dismisses **Plaintiff's Complaint**, or, in the alternative, for an Order that Dismisses and/or Strikes Counts Three through Six of the Complaint, and for such other and further relief as the Honorable Court deems just and appropriate.

    /s/ J. Zac Christman
J. Zac Christman, Esquire
Attorney for Debtor/Defendant
556 Main Street, Suite 12
Stroudsburg, PA 18360
(570) 234-3960; fax (570) 234-3975
zac@fisherchristman.com